NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1629-18T1

MARISOL RAJI,

      Plaintiff-Respondent,

v.

ALFONSO SAUCEDO and
YAMIRIS MUNOZ,

      Defendants-Appellants.

_____

APPROVED FOR PUBLICATION

September 30, 2019

APPELLATE DIVISION

Argued September 17, 2019 – Decided September 30, 2019

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-008329-18.

John Robert Gorman argued the cause for appellants (Lutz Shafranski Gorman & Mahoney, PA, attorneys; John Robert Gorman, of counsel and on the briefs).

Andrew Dietmar Ullrich argued the cause for respondent (The Ullrich Law Firm, LLC, attorneys; Andrew Dietmar Ullrich, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In considering the nature of a "pay-and-go" consent judgment, which resolved a summary dispossess action, and the judgment's impact on later-asserted claims for damages, we hold that by entering into such a consent judgment the parties entered into an accord and satisfaction and thereby finally resolved all the known claims arising out of the tenancy. Consequently, we affirm the trial court's rejection of the tenants' counterclaim in the landlord's subsequent action for enforcement of the pay-and-go judgment because the counterclaim was based on a claim then known to the tenants that they should have raised during the negotiations that led to the pay-and-go judgment.

The facts and circumstances that bring this matter before us are uncomplicated. Following the death of her husband, plaintiff Marisol Raji moved out of her Monroe Township home and, in June 2012, offered to sell it to friends, defendants Alfonso Saucedo and Yamiris Munoz. Apparently, defendants were not in a position to immediately buy the property, so, to allow them time to secure financing, plaintiff agreed to lease the premises to them. And, because the parties intended an eventual transfer of ownership, their lease agreement arguably called for defendants to bear all costs associated with maintaining the property.

Five years later, the status remained unchanged. Plaintiff texted defendants in August 2017, lamenting the passage of time; she expressed it was "never [her] intention to be anyone's landlord let alone [her] friends," and questioned their failure to respond to her entreaties about closing on the anticipated transaction by the end of 2017. Plaintiff received no satisfactory response and, after paying November's rent of $2456, defendants failed to pay the following month's rent, prompting plaintiff's filing of a summary dispossess action in December 2017.

The parties quickly resolved their differences. On January 17, 2018, they consented to a pay-and-go judgment, which memorialized plaintiff's entitlement to immediate possession and fixed the parties' financial obligations. The judgment declared that defendants would pay plaintiff $7368, and provided a schedule of payments: the first payment of $4912 was due within two days, following which defendants were required to make four weekly $614 payments, the first of which was due by February 1 and the last of which was to be paid by February 22. The judgment also declared that so long as defendants complied with the payment schedule, they would be entitled to remain in the premises but, under no circumstances, could defendants remain past March 31, 2018. The

3

judgment authorized issuance of a warrant of removal upon defendants' default of the judgment's terms.

Defendants failed to make the initial payment and were eventually locked out.[1]  Plaintiff commenced this action in June 2018 for enforcement of the monetary aspects of the pay-and-go judgment.  In response, defendants filed a counterclaim, which alleged unjust enrichment and sought nearly $9000 for having replaced a pool liner in November 2016 and other related pool costs.

This second case was tried in October 2018.  Defendant Saucedo testified the parties agreed or understood that the pool charges would be credited against the purchase price at closing or would constitute an offset against any rent due. Plaintiff testified the lease agreement imposed on defendants an obligation to replace the pool liner or to maintain the property and, in any event, plaintiff was not unjustly enriched.

At the trial's conclusion, the judge rendered an oral decision in which he implicitly found plaintiff – but not defendant Saucedo – credible.  The judge determined that had defendants believed they were entitled to reimbursement for the pool charges that claim should have been asserted as a set off against the rent plaintiff claimed due during the summary dispossess action and at the time

---

[1]  The home was damaged by fire after default but before the lockout.

A-1629-18T1

the pay-and-go judgment was negotiated. Because they didn't raise this issue, the judge rejected defendants' counterclaim.

In later denying defendants' motion for a new trial, the judge iterated his view that the parties had reached an accord and satisfaction, which was embodied in the pay-and-go judgment, and that all their rights and liabilities concerning the tenancy were then fixed.[2] He also again spoke about his findings, reiterating he did not find defendant Saucedo credible and concluding "nothing unjust happened here."

Defendants appeal, arguing, first, that the judge applied the entire controversy doctrine in rejecting their counterclaim and that this determination was erroneous. They also argue that we should exercise original jurisdiction, see R. 2:10-5, and enter judgment in their favor on the counterclaim. We reject this second argument out of hand. Appellate courts do not lightly exercise original jurisdiction, particularly in disputed circumstances like this, and particularly when the trial judge has already found defendants failed to offer credible evidence to support their counterclaim. See, e.g., Price v. Himeji, LLC,

---

[2] The judge amplified his findings at the trial's conclusion. He explained that he did not find credible defendant Saucedo's claim that plaintiff bore responsibility for the pool charges. He also found that if defendant Saucedo "really believed" he was owed money for the pool, he would have brought it up at the time the parties negotiated the pay-and-go judgment.

A-1629-18T1

214 N.J. 263, 294 (2013); <u>Brunswick Bank & Tr. v. Heln Mgmt. LLC</u>, 453 N.J. Super. 324, 334 (App. Div. 2018).

In turning to the first point, we reject defendants' premise that the judge applied the entire controversy doctrine. To be sure, a summary dispossess action does not permit either a landlord or tenant to plead a claim for damages. <u>Hodges v. Sasil Corp.</u>, 189 N.J. 210, 221 (2007). By confining itself to the landlord's right to possession, and fixing of the amount of rent due to afford the tenant the opportunity to avoid eviction by its payment, <u>Green v. Morgan Properties</u>, 215 N.J. 431, 449-50 (2013), the statutory summary dispossess device provides a quick disposition of the landlord's claim for possession. <u>See</u> <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 280 (1994) (recognizing that the statute's purpose was to provide landlords with "an expedited procedure to regain possession of leased premises, thereby avoiding the delays ordinarily associated with common-law ejectment actions").

But, when negotiating and consenting to a pay-and-go agreement, parties inherently intend to resolve all differences arising out of the tenancy and enter into what the law refers to as an accord and satisfaction: a mutual exchange of interests that fully discharges all claims, replacing them with the judgment's express terms. <u>See, e.g.</u>, 29 Richard A. Long, <u>Williston on Contracts</u> 92 (4th ed.

2003); see also Nevets C.M., Inc. v. Nissho Iwai Am. Corp., 726 F. Supp. 525, 536 (D.N.J. 1989), aff'd, 899 F.2d 1218 (3d Cir. 1990). The implied covenant of good faith and fair dealing – which is imposed on all New Jersey contracts, Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997) – obligated both sides to present all their tenancy claims when negotiating and ultimately agreeing on the terms of the pay-and-go judgment.[3] Any future suits between these parties and their interactions concerning the Monroe property could be based only on the rights established by the pay-and-go judgment.[4]

The judge, therefore, correctly determined that when plaintiff commenced her second action, she was confined to a claim for relief based on defendants' alleged breach of the pay-and-go judgment. Defendants were likewise entitled only to damages based on plaintiff's alleged failure to perform any obligation imposed on her by the pay-and-go judgment. So, even though the nature of the summary dispossess action did not permit the filing of a counterclaim for monetary relief, defendants were obligated – when negotiating in good faith the

---

[3] We suppose that parties could reserve other disputes for a later date, but to do so they must specify any outstanding issues in their consent judgment instead of later springing them on an unsuspecting adversary.

[4] We do not mean to suggest in so holding that a claim unknown at the time of entry of the pay-and-go judgment would necessarily be barred. That issue is not before us.

A-1629-18T1

pay-and-go judgment – to assert any claims they may have had against plaintiff arising from the tenancy. Defendants' failure to assert the pool claim on that earlier occasion barred their assertion of it once the pay-and-go judgment was entered.

In short, the judge's disposition of the counterclaim was not – as defendants argue – based on the entire controversy doctrine. It was based on the fact that the parties reached an accord and satisfaction and that their claims in this second action could only be based on a breach of the pay-and-go judgment that memorialized their agreement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1629-18T1